SWING, J.
We think the judgment of the court of common pleas should be affirmed. By item three of the will of Andrew Doppler each of his children became vested with the fee of the one-fourth of his estate — subject of course to the life estate of his widow, and subject to be divested in the event that either died before the widow leaving issue surviving; but this event did not happen, and therefore each child became vested on the death of Andrew Doppler, with the fee of one-fourth of his real estate subject to the widow’s life estate.
Upon the death of the child Caroline her estate descended to her heirs. Who are they under the statute?
In this case, being ancestral property and leaving no issue, the life estate goes to the husband and the fee to her brother and sisters. The fact that the life estate of Doppler’s widow still existed at the time of her daughter’s death, can make no difference. Whatever estate she had, and it was clearly a fee, passed under the statute, and by the same law that the brother and sisters take the fee, the surviving husband takes a life estate.
The judgment below must therefore in our judgment be affirmed.